# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2025

Lyle W. Cayce
Clerk

No. 24-60465

United States of America,

*Plaintiff—Appellee*,

*versus*

Desmond Robinson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-2-1

_____

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:*

In 2015, a Mississippi state court convicted Desmond Robinson of aggravated assault with a deadly weapon and sentenced him to ten years of imprisonment, with five years suspended. The conviction stemmed from Robinson's use of a handgun to shoot another man. In October 2023, police officers found Robinson "with an AR-style rifle." Two months later, police officers found Robinson in possession of a stolen handgun. Thereafter, a

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

federal grand jury indicted Robinson for being a felon in possession of a firearm (the handgun) in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Robinson moved to dismiss the indictment, arguing that § 922(g)(1), as applied to him, violates the Second Amendment. After the district court denied Robinson's motion, Robinson pled guilty, and the court sentenced him to forty-six months of imprisonment.

In his plea agreement, Robinson waived "the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in [18 U.S.C. § 3742] or on any ground whatsoever, with the exception that [he] retain[ed] the right to pursue a direct appeal of the [d]istrict [c]ourt's order regarding [his] motion to dismiss pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*," 597 U.S. 1 (2022). Robinson timely noticed this appeal.

Robinson's appeal is very similar to an unsuccessful appeal recently brought by another defendant convicted in the Southern District of Mississippi. *See United States v. Brown*, No. 24-60490, 2025 WL 1393870 (5th Cir. May 14, 2025) (per curiam). On appeal, Robinson raises the same five claims that were decided in *Brown*; he argues "that 18 U.S.C. § 922(g)(1) as applied to him violates the Second Amendment, facially violates the Second Amendment, is unconstitutionally vague, violates the Commerce Clause, and violates equal protection under the Fifth Amendment." *See id.* at *1. As this court held in *Brown*, "[t]he first two challenges fail under our precedents, and the remaining three challenges are waived by his plea agreement." *Id.*

First, Robinson contends that § 922(g)(1), as applied to him, violates the Second Amendment's protection of "the right of the people to keep and bear Arms." U.S. CONST. amend. II. Under § 922(g)(1), it is "unlawful for any person . . . who has been convicted in any court of[] a crime

punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce[] any firearm." Because Robinson preserved this challenge, we review it *de novo*. *United States v. Schnur*, 132 F.4th 863, 866–67 (5th Cir. 2025). We "therefore need not consider alleged errors in the district court's analysis." *Id.* at 867 n.1.

Recent decisions by this court foreclose Robinson's as-applied challenge. In *United States v. Isaac*, we rejected an as-applied challenge to a § 922(g)(1) conviction, concluding that "someone convicted of aggravated assault with a deadly weapon can be constitutionally dispossessed of a firearm." No. 24-50112, 2024 WL 4835243, at *1 (5th Cir. Nov. 20, 2024) (per curiam). Then, in *United States v. Bullock*, we rejected another such challenge brought by a man who had been convicted of "aggravated assault and manslaughter after . . . he shot an unarmed bar bouncer, fired a 'barrage of bullets' into a nearby crowd, and killed a nineteen-year-old passerby." 123 F.4th 183, 184 (5th Cir. 2024) (per curiam). We reasoned that Bullock had "previously misused a firearm to harm others," that Bullock's predicate felonies were "dangerous and violent crimes," and that Bullock's "underlying convictions stemmed from the threat and commission of violence with a firearm." *Id.* at 185. Finally, in *United States v. Schnur*, we relied on *Isaac* and *Bullock* to reject an as-applied challenge to a § 922(g)(1) conviction where the predicate offense, "aggravated battery causing bodily harm," did not involve the use of a firearm. 132 F.4th at 866–70.

From the foregoing caselaw, we have little trouble concluding that § 922(g)(1) is constitutional as applied to Robinson, whose predicate felony was "aggravated assault with a deadly weapon." *Isaac*, 2024 WL 4835243, at *1. Curtailing Robinson's "ability to possess a firearm 'is consistent with this Nation's historical tradition of firearm regulation' and punishment of people who have been convicted of violent offenses." *Schnur*, 132 F.4th at 870 (quoting *Bruen*, 597 U.S. at 33–34).

No. 24-60465

Robinson next argues that § 922(g)(1) is facially unconstitutional. As he acknowledges, our decision in *United States v. Diaz* forecloses this argument. 116 F.4th 458 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025). Robinson raises the argument only to preserve it for possible review by the Supreme Court.

Finally, Robinson argues that § 922(g)(1) is unconstitutionally vague, violates the Commerce Clause, and violates equal protection under the Fifth Amendment. But Robinson waived these final three arguments. In his plea agreement, Robinson retained only "the right to pursue a direct appeal of the [d]istrict [c]ourt's order regarding [his] motion to dismiss pursuant to . . . *Bruen*." That appeal waiver "covers these challenges," as neither Robinson's motion to dismiss nor the district court's order denying it "address[ed] whether § 922(g)(1) is unconstitutionally vague, violates the Commerce Clause, or violates equal protection under the Fifth Amendment." *Brown*, 2025 WL 1393870, at *3. In fact, Robinson "admits in his brief that he raises these issues for the first time on appeal." *Id.* Robinson "does not argue that his waiver was unknowing or involuntary," nor does he try to show that "these purported constitutional infirmities affect the validity of his appeal waiver." *Id.* Accordingly, we decline to review this trio of claims.

The judgment of the district court is AFFIRMED.